**Schlichter**
**Bogard**

100 South 4th Street, Suite 1200          314-884-7732
St. Louis, MO 63102                        1.800.873.5297

Nathan D. Stump                            nstump@uselaws.com

February 10, 2025

Trustees of Dartmouth College
c/o Office of the General Counsel
63 South Main Street, Suite 301
Hanover, NH 03755

Re: *Carfora, et al. v. TIAA, et al.*, No. 1:21-cv-08384-KPF (S.D.N.Y.)

Dear Office of the General Counsel:

Enclosed please find a subpoena to produce documents directed to the Trustees of Dartmouth College by the plaintiffs in the above-referenced matter. I am one of the plaintiffs' attorneys and kindly request that, in responding to the subpoena, you direct any written correspondence and objections or responses to the subpoena to my attention at the following email address: **nstump@uselaws.com**.

Please produce all responsive documents in electronic format, either by electronic secure file share (e.g., FTP) or on digital media such as a USB thumb drive, and have them sent to the address on the first page of the subpoena or, alternatively, directly to my office at the following address:
**Schlichter Bogard LLC**
**Attn: Nathan D. Stump**
**100 S. Fourth Street, Suite 1200**
**St. Louis, MO 63102**

Please feel free to contact me directly with any questions or concerns: **(314) 884-7732**. Thank you for your prompt attention to this matter.

Sincerely,

Nathan D. Stump

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| John Carfora, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:21-cv-08384-KPF |
| Teachers Insurance and Annuity Association of America, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Trustees of Dartmouth College c/o Office of the General Counsel
63 South Main Street, Suite 301, Hanover, NH 03755

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: Attn: Nathan D. Stump<br>63 South Main St., Suite 301<br>Hanover, NH 03755 | Date and Time:<br><br>03/31/2025 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2025

         *CLERK OF COURT*

                            OR

                                      /s/ Nathan D. Stump

      *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
, who issues or requests this subpoena, are:

Nathan D. Stump; 100 S. Fourth St., Ste. 1200, St. Louis, MO 63102; nstump@uselaws.com; (314) 621-6115

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-cv-08384-KPF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

The following definitions and instructions apply to and are expressly incorporated into the description of Documents to Be Produced in response to this subpoena:

1. "Dartmouth," "you," and "your" mean Dartmouth College and all of its committees, affiliates, divisions, departments, offices, administrative units, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for or on its behalf.

2. The phrase, "this Action," means the above-captioned action, *Carfora v. Tchrs. Ins. Annuity Ass'n of Am.*, No. 21-8384 (KPF) (S.D.N.Y. filed Oct. 11, 2021).

3. "Document" is synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3(c)(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York effective as of January 2, 2025, a true and correct copy of which is enclosed for your convenience.

4. "Financial Consultant" means the TIAA personnel that provide counseling for participants, new entrants, prospects, and beneficiaries of the Plan(s), including but not limited to all persons affiliated with TIAA with whom you or your agents interacted with respect to the Plan.

5. "Non-Plan Products or Services" refers to all products or services offered by TIAA outside of a retirement plan. Non-Plan Products or Services include, but are not limited to, private asset management, individual wealth management, Portfolio Advisor, retail mutual funds, retail annuities, insurance, and individual retirement products.

6. "Person" is synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3(c)(6) of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York effective as of January 2, 2025, a true and correct copy of which is enclosed for your convenience.

7. "Plan" refers to all defined contribution plans, defined benefit plans, and non-qualified plans sponsored by Dartmouth that are serviced by TIAA, including but not limited to the 403(b) Defined Contribution Retirement Plan for Dartmouth College Faculty and Staff and all of its affiliated, predecessor, or successor plans, including all plans with which it has merged.

8. "Refer to," "referring to," "relate to," "relating to," and "related to" are synonymous in meaning, and equal in scope, to the usage of the term "concerning" in Local Civil Rule 26.3(c)(7) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York effective as of January 2, 2025, a true and correct copy of which is enclosed for your convenience.

9. "TIAA" refers to the Teachers Insurance and Annuity Association of America and all of its parents, subsidiaries, divisions, affiliates, predecessors or successors, all entities with which it has merged, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for and on its behalf.

**INSTRUCTIONS**

1.    This subpoena incorporates by reference the definitions and instructions set forth in Rule 45 of the Federal Rules of Civil Procedure and Local Civil Rules 26.1–26.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York effective January 2, 2025, a true and correct copy of which is attached for your convenience. This subpoena and the terms used herein shall be construed to require the fullest disclosure permitted or required by law.

2

2.      In responding to this subpoena, you are to produce all responsive Documents or other materials that are within your legal possession, custody, or control.

3.      If any Document was, but no longer is, in your possession, custody, or control, or is known to you but is no longer in existence or not within your custody, state whether it is:

(a) missing or lost;

(b) destroyed;

(c) transferred (voluntarily or involuntarily) to others; or

(d) disposed of in some other manner.

4.      For each such Document to which paragraph 3 immediately above applies, explain in detail the circumstances surrounding the disposition of the Document, including your relevant record retention or destruction policies and procedures, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such Document with the following information:

(a) the type or character of the Document (e.g., letter, memorandum, notes, etc.);

(b) the title, if any, of the Document;

(c) the name and address of the author of the Document;

(d) the name and address of all recipients of the Document, if any;

(e) a brief description of the information contained in the Document;

(f) the time period during which the Document was maintained;

(g) the date and circumstances under which the Document left your possession, custody, or control; and

(h) the current location of the Document and the person or persons from whom the Document may be obtained, if any.

5.      No redactions should be made to responsive Documents except to redact privileged or otherwise protected information, or personally identifiable information related to plan participants.

6.      To the extent you object to production or identification of any Document or portion of any Document on the grounds of privilege or rule of law, you shall furnish with your production a privilege log in accordance with the ESI Stipulation that governs this Action (ECF No. 87 at 11–12 (enclosed)). You are directed to describe the factual and legal basis or bases for each claim of privilege or immunity in sufficient detail so as to permit the party issuing this subpoena and the Court to adjudicate the validity of the claim of privilege or immunity.

7.      Documents produced in response to this subpoena shall be subject to the Protective Order that governs this Action (ECF No. 88 (enclosed)) and produced in accordance with the provisions of the ESI Stipulation (ECF No. 87).

8.      All Documents are to be produced either (1) as they are kept in the ordinary course of business or (2) so as to be organized and labelled to correspond to the categories in these Requests. If the requested Documents are maintained in a file, please produce a copy of the file folder or container with the Documents.

9.      In responding to this subpoena, each Document to be produced shall include all attachments and all enclosures referred to in the Document or originally attached or enclosed with the responsive Document.

10.     If any portion of a Document is responsive to this subpoena, you are directed to produce the entire Document.

11.     Consistent with Local Civil Rule 26.3(d)(2)–(3), the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of

the subpoena all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural, and *vice versa*.

12.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring into the scope of these requests all responses that might otherwise be construed to be outside the scope.

## RELEVANT TIME PERIOD FOR PRODUCTION

The relevant time period is October 1, 2014, to the present.

## DOCUMENTS TO BE PRODUCED

1.    Documents relating to TIAA promoting and selling its Non-Plan Products or Services to the Plan's participants, including but not limited to the following:

    (a)    Documents relating to your analysis, review, or monitoring of TIAA's sales or promotion of Non-Plan Products or Services to participants in the Plan;

    (b)    Documents relating to any advice you received regarding the sale of Non-Plan Products or Services to participants in the Plan;

    (c)    Documents relating to any request or direction you transmitted to TIAA concerning Financial Consultants' ability to market or otherwise promote Non-Plan Products or Services to participants in the Plan;

    (d)    Documents relating to your consideration of TIAA's revenue from the sale of Non-Plan Products or Services to participants when evaluating or negotiating the Plan's recordkeeping fees;

    (e)    Documents relating to transfers of Plan assets into Non-Plan Products or Services (including, but not limited to, individual retirement accounts), including all non-taxable distribution reports requested for the Plan;

    (f)    Documents relating to your knowledge of any incentive compensation or other benefit available to Financial Consultants for selling Non-Plan Products or Services to participants in the Plan; and

    (g)    Documents relating to any recommendation or proposal that TIAA be allowed to use or prevented from using participant data for any purpose other than as needed to carry out its function as the Plan's service provider.

2.    All recordkeeping or custodial agreements with TIAA for the Plan.

**ATTACHMENTS**

1.  ESI Stipulation (ECF No. 87)

2.  Protective Order (ECF No. 88)

3.  Excerpt of the Local Rules of the United States District Courts for the Southern and

    Eastern Districts of New York effective as of January 2, 2025

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN CARFORA, *et al.*, | |
| *Plaintiffs*, | |
| v. | CASE NO. 1:21-cv-08384 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.*, | |
| *Defendants*. | |

**JOINT ELECTRONICALLY STORED INFORMATION STIPULATION**

The Parties to the above-referenced action hereby stipulate and agree, by and through their undersigned counsel, that the following specifications shall govern discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties during discovery.

**I.     General**

A.     The Parties shall take reasonable steps to comply with the procedures set forth in this Stipulation.

B.     This Stipulation incorporates the definitions in Local Rule of the U.S. District Court for the Southern District of New York ("Local Rule") 26.3.

C.     Nothing in this Stipulation shall be interpreted to require disclosure of documents that a Party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from production that may be applicable. Except where stated otherwise, nothing in this Stipulation shall be deemed to waive or limit any Party's right to object to (and on that basis withhold) the production of documents, seek relief from the production of documents, move for a protective order on the

1

ground that documents are not reasonably accessible because of undue burden or cost, or move to compel on the ground that there is good cause for a document's production.

D.    To the extent reasonably possible, the production of documents shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs.  The terms of this Stipulation shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information consistent with the Local Rules, the Federal Rules of Civil Procedure, and any orders by this Court.

E.    Except as specifically limited herein, this Stipulation governs the production of discoverable documents by the Parties during the litigation.

F.    This Stipulation shall neither enlarge, reduce, or otherwise affect the scope of discovery in this litigation as imposed by the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders, nor imply that discovery produced under the terms of this Stipulation is properly discoverable, relevant, or admissible in this or in any other litigation.

G.    Subject to this Stipulation, the Parties' objections and responses to requests for production of documents and interrogatories, and a Stipulated Confidentiality and Rule 502(d) Agreement and Protective Order to be entered by the Court ("Protective Order"), all documents that are responsive to discovery requests shall be produced in the manner provided herein.

H.    The Parties agree to promptly alert all other Parties concerning any technical problems associated with complying with this Stipulation.  To the extent compliance with this Stipulation imposes an undue burden with respect to any protocol, source, or search term listed herein, the Parties shall promptly confer in an effort to resolve the issue.

I.    Consistent with their obligations, the Parties will attempt to resolve, in person, in writing (including e-mail) or by telephone, disputes regarding the issues set forth herein prior to

2

filing a motion with the Court, or otherwise seeking relief.  If the Parties are unable to resolve the dispute after a good faith effort, the Parties may seek Court intervention in accordance with the Court's procedures.

## II.   Production Specifications

A.   All documents that exist in both electronically stored and printed form shall be produced in electronically stored form.  Spreadsheets (.xls, .csv), audio files, or database files shall be produced in native format with a TIFF slipsheet containing a Bates number, any confidentiality designation, and language stating that the document is being produced natively, while PowerPoint presentations and Word (.doc, .docx, etc.) documents shall be produced in native format as well as in single-page, black and white, Group IV, 300 DPI TIFF images.  The Parties reserve the right to raise burden objections for the production of native Word (.doc, .docx) files in response to specific document requests, which the Parties shall meet and confer to try to resolve.  Emails shall be produced as single-page, black and white, Group IV, 300 DPI TIFF images.  PDF files shall be produced as single-page, black and white, Group IV, 300 DPI TIFF images and JPG when color is present; however, the receiving party may request native production for any produced PDF files with good cause, which the producing party must provide, unless unduly burdensome, which it is the producing party's burden to show.  All ESI will be produced with a delimited, database load file that contains the metadata fields listed below and captured at the time of the collection.  ESI should be processed using an Eastern Time Zone for all data.  ESI production shall include a relative file path to the native file provided in the metadata load file.  The extractable metadata and text shall be produced in the same manner as other documents that originated in electronic form to the extent that metadata exists or is reasonably accessible or available for any files produced.  Text must be extracted electronically

from native production and OCR should only be applicable on hard copy documents and documents requiring redaction. The Parties agree that, absent privilege concerns, document families will be produced in full when one member of the family is deemed responsive.

B.1. All documents that exist only in printed form shall be scanned and produced as single-page, Group IV, 300 DPI TIFF for black and white and JPEG for color images with a .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file shall contain the fields agreed in this Stipulation. In scanning hard copy documents, multiple distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, hard copy documents should be logically unitized). The Parties agree to provide OCR text for scanned images of hard copy documents if the documents have not already been scanned for purposes other than production. OCR is to be performed on a document level and provided in document-level .txt files named to match the production number of the first page of the document to which the OCR text corresponds.

B.2. In the case of an organized compilation of separate documents (*e.g.*, for example, a binder containing several separate documents behind numbered tabs), the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in the metadata fields. All productions of scanned documents shall show the true color of the original document.

B.3. Each page of a TIFF produced document shall have a legible, unique identifier ("Bates number") assigned and electronically "burned" onto the image. The identifier shall include an alpha prefix along with a fixed number, *e.g.*, ABC000001. This format is to remain consistent across all production numbers and be consistently placed on all images so as not to unreasonably obliterate or obscure any information. No other legend or stamp will be placed on

4

a document image except as otherwise provided by this Stipulation or the Protective Order.

B.4.    Defendants Teachers Insurance and Annuity Association of America and TIAA Services Individual & Institutional Services, LLC's (together, "TIAA") reproduction of the investigation documents that TIAA provided to the Securities and Exchange Commission, Commodity Futures Trading Commission, and the New York Attorney General shall not be subject to the foregoing requirements.  TIAA shall reproduce these documents in the same format as they have been previously produced.

C.    **Redactions**: No redactions shall be made to responsive documents except to redact attorney-client privileged or attorney work product.  If, during the course of discovery, the Parties identify other kinds of information that any party has a reasonable basis for redacting, the Parties will meet and confer before such redactions are made.  If the issue cannot be resolved, the Parties will seek resolution from the Court.  Where a document is withheld in full for privilege, but other family members are produced in whole or in part, the producing party may produce a slipsheet for that document rather than perform full-page redactions.

D.    **Deduplication**: Removal of duplicate documents may only be done on exact duplicate documents (based on MD5 or SHA-1 hash values, at the family level).  Deduplication shall not break apart families.  Attachments will not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates.  An e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical.  De-duplication shall be done at a global level.  To the extent that additional duplicates are processed after production, the Producing Party shall provide an overlay of the previous data with full values given.

E.     **Email Thread Suppression:**  The Parties agree to meet and confer to the extent a party intends to use email thread suppression to exclude documents from production.  The producing party will disclose its intention to use thread suppression in this manner prior to its use and with sufficient time to raise the issue with the Court, if necessary.

F.     **Associated Delimited Text File and Metadata Fields**: A database load file shall be provided in the Concordance ".dat" file format that holds metadata in fields as a delimited text load file.  For the load file, the Parties agree to use Concordance standard delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values).  To the extent captured at the time of the collection and processing, the fielded data should include all the metadata fields listed below for a file/document in addition to the unitization (including the production number of the first and last page of each document) and attachments (including information sufficient to identify the parent and child relationships of all documents that are or have attachments).  The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document.  Load files shall include the metadata fields listed below, or substantially identical metadata fields, to the extent already in existence and reasonably accessible.  For any additional fields included, provide definitional information regarding such field(s) values no later than the time of delivery of any production containing such fields.

**Hard Copy Fields**

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGBATES | Beginning production number or Bates number for a given file/document |
| ENDBATES | Ending production number or Bates number for a given file/document |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGATTACH | Beginning production number or Bates number for an attachment to a given file/document. |
| ENDATTACH | Ending production number or Bates number for an attachment to a given file/document. |
| PAGECOUNT | Number of pages for the document |
| TEXT | Relative path to OCR text file |
| CONFIDENTIALITY | Confidentiality Designation |
| REDACTION | Redaction Reason |
| ALLCUSTODIAN | Custodian or Source |

**ESI Fields**

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| BEGBATES | ABC000001 | Beginning production number or Bates number for a given file/document | E-mail and E-Doc |
| ENDBATES | ABC000002 | Ending production number or Bates number for a given file/document | E-mail and E-Doc |
| BEGATTACH | ABC000001 | Beginning production number or Bates number for the attachment range | E-mail and E-Doc |
| ENDATTACH | ABC000015 | Ending production number or Bates number for the attachment range | E-mail and E-Doc |
| PARENT_BATES | ABC000001 | First Bates number of parent document/e-mail **This PARENT_BATES field should be populated in each record representing an attachment "child" document. | E-mail and E-Doc |
| CHILD_BATES | ABC000002; ABC000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments **The CHILD_BATES field should be populated in each record representing a "parent" document. | E-mail and E-Doc |

7

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| RECORDTYPE | Options: eMail, Attachment, Loose eFile, MS Word Doc, Adobe Acrobat Doc, MS Excel | The record type of a document. | All |
| ALLCUSTODIAN | Smith, John; Jane Smith | All persons, shared file or other source from whom files were collected | E-mail and E-Doc |
| ALLPATH/FOLDER | \\servername\share\Folder02 | To identify all paths or folder locations of files from a particular document[1] | E-Mail and E-Doc |
| SUBJECT | Meeting Minutes | Subject line extracted from e-mail message | E-mail |
| FROM | Thompson, Frank | Sender | E-mail |
| TO | Coffman, Janice; Lee, William | Recipient | E-mail |
| CC | Cain, John | Copyee | E-mail |
| BCC | Stevens, Hunter | Blind Copyee | E-mail |
| DATETIMESENT | 12/31/2012 6:00 PM | Date and Time an email message was sent in Unitized Field | E-Mail |
| DATETIMERCVD | 10/12/2012 7:05PM | Date and Time an email message was received in Unitized Field | E-mail |
| AUTHOR | Smith, John | Name of person who created document or email | E-Doc |
| FILENAME | October Agenda.doc | Original file name of native document | E-Doc |
| DATETIMECREATED | 10/1/2011 9:18 AM | Date and Time document was created | E-Doc |
| DATETIMELASTMOD | 10/15/2011 11:07AM | Date and time the document was last modified in MM/DD/YYYY format | E-Doc |
| FILEEXT | Msg | File extension of native document | E-mail and E-Doc |
| PAGECOUNT | 16 | Number of pages for the document | E-mail and E-Doc |

---

[1] This should not be a file path created in the collection process or otherwise for the purpose of this litigation.

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| HASH | d131dd02c5e6eec5 694d0698aff85c2fs ch5876217eab4004 5733b8fb789 | MD5 or SHA1 Hash Value | E-mail and E-Doc |
| NATIVEFILE PATH | D:\001\ABC00000 5.xls | Original path or hyperlink to documents being produced in native file format | Native |
| TEXT | Relative path to extracted text or OCR for the document | OCR or extracted text file | E-mail and E-Doc |
| REDACTION | Privilege | Reason for Redaction on a Document | All |
| CONFIDENTIALITY | Confidential | Confidentiality Designation | All |

G.     **Proprietary databases:** To the extent discoverable electronic information is contained in a proprietary database, the parties will meet and confer to discuss the most appropriate and cost-effective production format, which may include an export of data or the creation of a report.  Nothing in this Stipulation requires the producing party to generate reports not available within the proprietary database, provided, however, that such database productions should be in a reasonably usable form to be negotiated in good faith by the parties.

H.     **Production Format**: Production deliverables shall be exchanged through secure file transfer protocols (*e.g.*, FTP), or similar secure electronic transmission unless size of the production necessitates transmittal on physical media.  Productions on physical media shall be encrypted and shipped by a trackable method for overnight delivery.  All production volumes will be end-to-end encrypted with commercially available software.

**III.     Identification and Collection of Documents**

A.     **Meet and Confer**: The Parties agree to meet and confer regarding the list of custodians, search methodology (including search terms and date restrictions), and locations to

be searched (including custodial and noncustodial sources, and accessibility).  The Parties agree to meet and confer regarding the custodians, search methodology, and search locations for a set of requests for production of documents within 30 days of service of the producing Party's responses and objections to that set of requests for production of documents.  The producing Party shall provide, reasonably in advance of the scheduled meet-and-confer, a proposed list of custodians, search methodology, and locations, to be negotiated in good faith during the meet-and-confer.

B.       **Technology Assisted Review**: The Parties agree to meet and confer regarding any Technology Assisted Review applications intended to be used by a producing Party for the identification of potentially responsive documents.

C.       **Search Methodology**: The Parties agree to search for and produce responsive records from sources of hard copy and ESI to the extent such locations may contain responsive information.  Determinations of discoverability and responsiveness shall be made by the producing Party.

D.       **Location of Hard Copy and ESI:** To the extent the following sources are identified by the agreed-upon records custodian as containing potentially responsive hard copy or ESI and within a producing Party's possession, custody or control, the producing Party will search the following sources to the extent they are reasonably accessible:

1.       Custodians' hard copy files;

2.       Custodians' local hard drives;

3.       Custodians' individual business mobile devices, to the extent such devices are within the possession, custody, or control of the producing Party, except to the extent such devices are mapped to another device that is being searched;

10

4.        Custodians' reasonably accessible individual business email accounts and computers;

5.        Custodians' individual business network drives;

6.        Custodians' business removable or portable media, including, but not limited to, thumb or flash drives, external hard drives, CDs or DVDs;

7.        Cloud drives;

8.        Network drives or active server directories, *i.e.*, shared drives;

9.        Databases;

10.        Shared email accounts;

11.        Sharepoint/Sharefile Multi Party document repositories;

12.        Electronic voicemail systems;

13.        SMS/Messaging/IMessage Centralized Storage Systems; and

14.        Other sources later identified.

## IV.    Privilege and Privilege Logs

A.        The Parties agree that certain privileged communications or documents need not be included in a privilege log: (a) communications to or from outside legal counsel for Defendants on and after the date this action was filed; (b) communications involving legal advice related to this litigation from Defendants' inside counsel to any Defendant; (c) work product of outside counsel relating to this Litigation; (d) any internal communications within a law firm on and after the date this action was filed; (e) any communications regarding litigation holds or preservation, collection, or review in connection with the Litigation or prior regulatory investigations related to TIAA's sales practices and compensation; and (f) communications to or from current or prospective clients and from or to Plaintiffs' counsel relating to this Litigation.

11

B.      Except as exempted under Section IV.A, for documents withheld from production on the basis of attorney-client privilege, work product doctrine, or any other applicable privilege, the producing Party shall provide a privilege log within 60 days after completing the production of documents responsive to a set of requests for production.  In the event that there are any privilege clawback or kickout documents identified subsequent to the production of a privilege log, the producing Party may produce an amended privilege log that supersedes all previous logs.

C.      For each document claimed to be privileged, the privilege log shall include the following information: (1) Privilege Log Entry Number; (2) BEGBATES (where applicable); (3) ENDBATES (where applicable); (4) All Custodians; (5) Date; (6) Author/From; (7) To; (8) CC; (9) BCC; (10) Family Relationship; (11) Privilege Claim Asserted (attorney-client privilege and/or work product); and (12) sufficient description of document or communication at issue that will allow the receiving Party and the Court to assess the claim of privilege.  For document families withheld in full, junk and embedded files need not be logged.

D.      For documents redacted for privilege but not withheld, the Parties will produce a metadata-only privilege log with the following information (1) Privilege Log Entry Number; (2) BEGBATES (where applicable); (3) ENDBATES (where applicable) (4) All Custodians; (5) Date; (6) Author/ From; (7) To; (8) CC; (9) BCC; (10) Family Relationship; and (11) Privilege Claim Asserted (attorney-client privilege and/or work product).

## V.      Third Party Documents

A Party that issues a subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the Parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein.  The Issuing Party shall, upon receipt, produce any documents obtained pursuant to a non-party subpoena to all

other parties, unless already produced by the third party.  Nothing in this Stipulation is intended
or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or third
parties to object to a subpoena.

**VI.   Preservation**

  A.  The Parties acknowledge that they have an obligation to take reasonable and
proportional steps to preserve discoverable information in the Party's possession, custody, or
control.

  B.  The Parties agree that the circumstances of this case do not warrant the
preservation, collection, review, or production of ESI that is not reasonably accessible because
they anticipate that enough relevant information can be yielded from reasonably accessible
sources and, as necessary and appropriate, supplemented with deposition discovery.  Moreover,
the remote possibility of additional relevant information existing in not reasonably accessible
sources is substantially outweighed by the burden and cost of preservation, collection, review,
and production of ESI from sources that are not reasonably accessible.  The Parties agree that the
following ESI is not reasonably accessible:

   1.  Random access memory (RAM), temporary files, or other ephemeral data
that are difficult to preserve without disabling the operating system.

   2.  On-line access data such as temporary Internet files, history, cache,
cookies, and the like.

   3.  Data stored on photocopiers, scanners and fax machines.

   4.  Data in metadata fields that are frequently updated automatically, such as
last opened dates.

   5.  Server, system or network logs.

6.      Electronic data (e.g., email, calendars, contact data, and notes) that exist

only on a mobile device (e.g., iPhone, iPad, Android, and Blackberry devices) that is

neither synched to nor retrievable from another source or device, provided that such

electronic data is routinely saved elsewhere (e.g., on a server, laptop, desktop computer,

or "cloud" storage) that the producing Party believes, after necessary interviews, does not

contain relevant or responsive information.

**VII.    Good Faith**

The Parties shall make their best efforts to comply with and resolve any differences

concerning compliance with this Stipulation.  If a producing Party cannot comply with any

material aspect of this Stipulation, that Party shall inform the requesting Party and promptly seek

relief from the Court, unless otherwise agreed to by the Parties.  No Party may seek relief from

the Court concerning compliance with the Stipulation unless it has conferred with other affected

Parties to the action.

SO STIPULATED AND AGREED:

Dated: August 15, 2024

/s/ Joel D. Rohlf

Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Sean E. Soyars*
Joel D. Rohlf*
Nathan D. Stump*
SCHLICHTER BOGARD LLP
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
aschlichter@uselaws.com
jschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
nstump@uselaws.com
*admitted pro hac vice

*Counsel for Plaintiffs*

Dated: ___August 16___, 2024

New York, New York

/s/ Lori A. Martin (w/consent)

Lori A. Martin
Alan Schoenfeld
Brad E. Konstandt
Ryan Chabot
Gideon A. Hanft
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 295-6412
Fax: (212) 230-8888
lori.martin@wilmerhale.com
alan.schoenfeld@wilmerhale.com
brad.konstandt@wilmerhale.com
ryan.chabot@wilmerhale.com
gideon.hanft@wilmerhale.com

*Counsel for Defendants Teachers Insurance and
Annuity Association of America and TIAA-CREF
Individual & Institutional Services, LLC*

SO ORDERED

_Katherine Polk Failla_

Hon. Katherine Polk Failla
United States District Judge

15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JOHN CARFORA, *et al.*,

<em>Plaintiffs</em>,

v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA, *et al.*,

<em>Defendants</em>.

CASE NO. 1:21-cv-08384

**CONFIDENTIALITY AND RULE
502(d) AGREEMENT AND
PROTECTIVE ORDER**

KATHERINE POLK FAILLA, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and commercially or competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality and 502(d) order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (i.e., information or documents of any kind produced or disclosed in the course of discovery in this action) that a Party, person or entity has designated as "Confidential" pursuant to this Order ("Confidential Discovery Material"), no

person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.    The Party, person or entity producing or disclosing Discovery Material ("Producing Party") may designate as Confidential the entire document or a portion of such material if it reasonably and in good faith believes that the Discovery Material consists of:

    a.    confidential, trade secret, proprietary, competitively or commercially sensitive business or financial information, including without limitation research, market, technical, and analytical information;

    b.    previously non-disclosed financial information (including without limitation profitability reports or estimates, pricing and revenue analyses or projections, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    c.    previously non-disclosed material relating to ownership or control of any non-public company;

    d.    previously non-disclosed business plans, product-development information, or marketing plans;

    e.    non-public documents and correspondence provided to a regulator as part of an investigation;

    f.    any private or confidential personal information;

    g.    information prohibited from disclosure by law or statute;

    h.    information protected by a right to privacy under federal or state law or statute, or any other applicable privilege or right related to confidentiality or privacy;

    i.    information that is otherwise entitled to protection under the Federal Rules of

Civil Procedure or the Local Rules of this Court; or

      j.   any other category of information this Court subsequently affords confidential status.

3.   With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected material or portion of the material in a manner that will not interfere with legibility or audibility. Electronically stored information produced in native format may be designated Confidential without ensuring that every page of such document, when printed, contains a Confidential stamp. The Producing Party may designate natively produced materials as Confidential by (a) producing a TIFF placeholder image corresponding to the natively produced material that includes a Confidential stamp, and (b) including Confidential on the label of the media or in the transmittal correspondence containing the natively produced materials.

4.   A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material by: (a) indicating on the record at the conclusion of the deposition that the Party is designating all or portions of the deposition as "Confidential" (in which case a Confidential marking shall appear on each page of the final transcript that contains a designated passage); (b) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (c) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific portions of the transcript that are to be designated "Confidential," in which case all counsel receiving the

transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. At the request of a Producing Party, persons not permitted access to Confidential Discovery Material shall not be present at depositions while the Producing Party's Confidential Discovery Material is discussed or otherwise disclosed.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential all or some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated Discovery Material as Confidential. The Producing Party may produce a replacement document bearing the Confidential legend. In such instances, the receiving parties shall immediately return to the Producing Party or destroy (and certify such destruction in writing to counsel for the Producing Party) any material that lacked the Confidential legend upon receiving the replacement documents. The receiving Party shall use good faith efforts to gather and return or destroy all copies of the unmarked Confidential documents.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party, person or entity of its right to object to any discovery request; (b) a waiver of any privilege, protection or immunity; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

     a. the named Parties to this action (John Carfora, Sandra Putnam, Juan Gonzalez,

TIAA, and TIAA-CREF Individual & Institutional Services LLC), their insurers, and counsel to their insurers;

b.  counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c.  professional outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such vendors or service providers have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d.  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto (witnesses shall not retain a copy of any Confidential Discovery Material). If the Discovery Material is presented to the witness in a deposition, then a Non-Disclosure Agreement need not be executed;

g.  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

     h.   stenographers engaged to transcribe depositions the Parties conduct in this action; and

     i.   this Court, including any appellate court, its support personnel, and court reporters (subject to the procedures described in Paragraphs 9 through 11 for public filings on the Electronic Case Filing System).

8.   Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.  For the avoidance of doubt, counsel shall not be required to disclose the identities of experts or witnesses (7(f) and 7(g)) to opposing counsel prior to the time required for such disclosures under the Court's Case Management Plan (Dkt. 82) or other governing case management order.

9.   In accordance with Rule 9 of this Court's Individual Practices, any Party filing documents under seal or with redactions must file with the Court a letter motion and supporting materials in the manner set forth in Rules 9.A-C of this Court's Individual Practices.  Any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  If the Confidential Discovery Material is being filed by a Party other than the Party that designated the Discovery Material as confidential, the document should be filed provisionally with redactions or under seal.  The designating Party will then have three business days to file a motion to permanently seal or redact the Confidential Discovery Material.

10.   The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.  Nothing in this Order shall be construed to affect the use of any information at any trial or hearing. Confidential Discovery Materials offered into evidence at a public hearing or trial shall no longer be treated as Confidential, unless the designating Party first obtains a separate protective order or other relief from the Court specifically relating to the materials used during the hearing or trial. The Party intending to present Confidential Discovery Materials at a hearing or trial must give the designating arty at least 7 days' notice, whether through an exhibit list or otherwise.  Within 3 days thereafter, the Party whose confidential information is sought to be used may make an application for relief.

11.   In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted version of the Confidential Court Submission via the Electronic Case Filing System in the manner set forth in Rules 9.A-C of this Court's Individual Practices.  The Parties shall serve opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.   Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  The objecting Party and the Producing Party shall meet and confer promptly in an attempt to resolve any disagreements.  If the Parties cannot reach agreement, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(C) of this Court's Individual Practices.

13.  Any Party who requests additional limits on disclosure (such as "attorneys' eyes only"), may at any time before the trial of this action serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request.  Counsel for the receiving Party shall consider the request in good faith, including the reasons why the Producing Party believes that the subject Discovery Material contains highly sensitive business or personal information, highly confidential business or personal information, and/or has significant competitive value, the disclosure of which would create a substantial risk of serious harm to an individual or to the business or competitive position of the Producing Party.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(C) of this Court's Individual Practices.

14.  Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.  Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.  If it is not possible for the Party to provide the Producing

Party with notice at least 10 days before any disclosure, the Party shall in good faith provide the Producing Party with notice at the soonest reasonable point prior to disclosure.

16.  Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.  Pursuant to Federal Rule of Evidence 502(d), the Parties agree that if, in connection with this litigation, a Party claims that it inadvertently disclosed information or documents subject to a claim of attorney-client privilege, attorney work product protection, or another privilege, protection or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, protection or immunity with respect to the Inadvertently Disclosed Information and its subject matter.

   a.  If a Producing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information and documents have been returned or destroyed.

   b.  Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

   c.  The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

   d.  The Producing Party retains the burden of establishing the privileged or protected

nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

18. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the 60-day deadline, the receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. Any Party issuing a subpoena or request for production to a third party shall notify the third party that the protections of this Order are available to such third party.

20. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to remove any restriction in this Order. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

21.  This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

22.  This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: August 15, 2024

/s/ Joel D. Rohlf                                       /s/ Lori A. Martin (w/consent)
Andrew D. Schlichter, Bar No. 4403267        Lori A. Martin
Jerome J. Schlichter*                               Alan Schoenfeld
Sean E. Soyars*                                      Brad E. Konstandt
Joel D. Rohlf*                                         Ryan Chabot
Nathan D. Stump*                                    Gideon A. Hanft
SCHLICHTER BOGARD LLP                       WILMER CUTLER PICKERING
100 South Fourth Street, Ste. 1200                   HALE AND DORR LLP
St. Louis, MO 63102                                7 World Trade Center
Phone: (314) 621-6115                             250 Greenwich Street
Fax: (314) 621-5934                                New York, New York 10007
aschlichter@uselaws.com                          Tel: (212) 295-6412
jschlichter@uselaws.com                          Fax: (212) 230-8888
ssoyars@uselaws.com                             lori.martin@wilmerhale.com
jrohlf@uselaws.com                               alan.schoenfeld@wilmerhale.com
nstump@uselaws.com                              brad.konstandt@wilmerhale.com
*admitted pro hac vice                            ryan.chabot@wilmerhale.com
                                                       gideon.hanft@wilmerhale.com
*Counsel for Plaintiffs*

                                                       *Counsel for Defendants Teachers Insurance and*
                                                       *Annuity Association of America and TIAA-CREF*
                                                       *Individual & Institutional Services, LLC*

This confidentiality agreement does not bind the Court or any of its personnel.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

Dated: New York, New York                    SO ORDERED.
        August 16, 2024

                                                       _Katherine Polk Failla_

HON. KATHERINE POLK FAILLA
                                                       UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN CARFORA, *et al.*, | |
| *Plaintiffs*, | |
| v. | CASE NO. 1:21-cv-08384 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.*, | |
| *Defendants*. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare that:

I reside at _____.

I have read and understand the terms of the Protective Order in the above-captioned matter pending in the United States District Court for Southern District of New York.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the foregoing.  I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.  I shall not divulge any materials or information, or copies of materials or information, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" obtained in accordance with the Protective Order, or the contents of such materials or information, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such materials or information except for the purposes of this litigation and in accordance with the terms of the Protective Order.

As soon as practicable, but no later than thirty (30) calendar days after final termination of this litigation, I shall destroy any materials or information in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or return them to the attorney from which I received such materials or information.  I shall also destroy or return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials or information.

I declare under penalty of perjury that the foregoing is true and correct.


Executed: _____   Date: _____

# LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK

*Adopted* **by the Boards of Judges of the**
**Eastern District of New York and the**
**Southern District of New York**
*Transmitted* **to the Judicial Council of the Second Circuit**

**Effective January 2, 2025**

class action or a derivative action, the above information regarding the applications must be included in the notice.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 26.1. Address of Party and Original Owner of Claim to Be Furnished [Withdrawn]

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 26.2. Assertion of Claim of Privilege

(a)  Unless otherwise agreed to by the parties or directed by the court, where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of the assertion,

    (1)  The person asserting the privilege must identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    (2)  The following information must be provided in the objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of the information would cause disclosure of the allegedly privileged information:

        (A) For documents (including electronically stored information): (i) the type of document, *e.g.,* letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

        (B) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(b)  Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of the assertion, the information set forth in paragraph (a) above must be furnished in writing at the time of the response to the discovery or disclosure, unless otherwise agreed to in writing by the parties or ordered by the court.

(c)  Efficient means of providing information regarding claims of privilege are encouraged. Parties are encouraged to discuss measures that further this end, including which information fields will be provided in the privilege log. When appropriate, parties should consider and discuss the use of a categorical log or a metadata log, instead of a document-by-document log. Unless otherwise agreed to by the parties or provided by a judge's individual practices or by court order,

   (1)  when a party is asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category;

   (2)  where numerous documents are withheld and the party is using review software, preparation of a metadata log may suffice to provide the information required to support the claim of privilege;

   (3)  where either a categorical log or a metadata log is used, the parties are encouraged to discuss whether to allow the requesting party to request a document by document log for a limited number or percentage of the logged documents; and

   (4)  a party cannot object to a privilege log solely on the basis that it is a categorical log or a metadata log, but may object if the substantive information required by this rule has not been provided in a comprehensible form.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

## Local Civil Rule 26.3. Uniform Definitions in Discovery Requests

(a)  The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule does not preclude:

Joint Local Rules, S.D.N.Y. and E.D.N.Y.
Effective January 2, 2025

   (1)  the definition of other terms specific to the particular litigation,

   (2)  the use of abbreviations, or

   (3)  a narrower definition of a term defined in paragraph (c).

(b)  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c)  The following definitions apply to all discovery requests:

   (1)  Communication**.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

   (2)  Document**.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

   (3)  Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

   (4)  Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

   (5)  Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

24

(6)  Person. The term "person" is defined as any natural person or any legal entity, including, without limit, any business or governmental entity or association.

(7)  Concerning. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

(d)  The following rules of construction apply to all discovery requests:

(1)  All/Any/Each**.** The terms "all," "any," and "each" must each be construed as encompassing any and all.

(2)  And/Or. The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3)  Number. The use of the singular form of any word includes the plural and vice versa.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 26.4. Cooperation Among Counsel in Discovery [formerly Local Civil Rules 26.5 and 26.7]

(a)  Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures.

(b)  Discovery requests must be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have the information or can obtain it from the client.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 26.5. Form Discovery Requests [formerly Local Civil Rule 26.6]

Attorneys using form discovery requests must review them to ascertain that they are consistent with the scope of discovery under Fed. R. Civ. P. 26(b)(l). Non-compliant requests must not be used.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 30.1. Counsel Fees on Taking Depositions More Than 100 Miles From Courthouse [Withdrawn]

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 30.2. Telephonic and Other Remote Depositions [formerly Local Civil Rule 30.3]

The motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted. Where the opposing party is a corporation, the term "adverse party" means an officer, director, managing agent, or corporate designee under Fed. R. Civ. P. 30(b)(6).

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 30.3. Persons Attending Depositions [formerly Local Civil Rule 30.4]

A person who is a party in the action may attend the deposition of a party or witness. A witness or potential witness in the action may attend the deposition of a party or witness unless ordered otherwise by the court.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Civil Rule 30.4. Conferences Between Deponent and Defending Attorney [formerly Local Civil Rule 30.6]

An attorney for a deponent must not initiate a private conference with the deponent while a deposition question is pending, except for the purpose of determining whether a privilege should be asserted.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### [Local Civil Rule 33.1 Intentionally Omitted]

### Local Civil Rule 33.2. Standard Discovery in Prisoner Pro Se Actions

(a)  This rule applies in any action commenced *pro se* in which the plaintiff's complaint includes any claim described in paragraph (b) of this rule and in which the